Rebecca A. Sanders General Counsel Board of Tax Appeals 915 S.W. Harrison St., Ste. 400-S Topeka, Kansas 66612-1505
Dear Ms. Sanders:
You request our opinion regarding who may appear at a hearing before the board of tax appeals. Specifically you inquire whether a county which is a party in a proceeding before the board may authorize the county appraiser or other employee in the appraiser's office to represent the county or whether the county must be represented by an attorney authorized to practice in this state. Additionally you question whether a non-attorney may represent an individual taxpayer before the board or whether that would constitute the unauthorized practice of law.
Pursuant to K.S.A. 74-2426, 74-2438, K.S.A. 1992 Supp. 79-213, 79-1489
and 79-2005, as amended by L. 1993, ch. 239, sec. 1, hearings before the board of tax appeals, at least in the listed instances, are to be conducted in accordance with the Kansas administrative procedures act (KAPA), K.S.A. 77-501 et seq. The KAPA contains the following provision:
 "(a) Any party may participate in the hearing in person or, if the party is a corporation or other artificial person, by a duly authorized representative.
 (b) Whether or not participating in person, any party may be represented at the party's own expense by counsel or, if permitted by law, other representative.
 (c) A state agency may require a corporation or other artificial person to participate by counsel." K.S.A. 77-515.
In our opinion a county would be considered an artificial person for purposes of K.S.A. 77-515. It is a body corporate and politic by virtue of K.S.A. 19-101. Thus the county may participate by a duly authorized representative unless the board requires participation by counsel. The board's current regulations do not require that counties participate by counsel, but rather provide that an elected or appointed officer of a county may appear on behalf of the county "except where a statute or the board prohibits an appearance by an elected or appointed officer and requires the county . . . to be represented by an attorney." K.A.R.94-2-10(a). It therefore appears that a county appraiser or other employee in the appraiser's office may participate in a hearing before the board of tax appeals on behalf of the county unless and until the board requires that counties participate by counsel.
This does not, however, mean that a non-attorney representative, such as an unlicensed county appraiser, may engage in the unauthorized practice of law. Section 4-203 of the uniform law commissioners' model act on state administrative procedure is virtually identical to subsections (a) and (b) of K.S.A. 77-515. The comment accompanying this section states in part:
 "The right of a corporation or other artificial person to participate as a party by a `duly authorized representative' is intended to permit a corporation to participate by either an attorney or a non-attorney, unless participation by a non-attorney violates state law regarding the unauthorized practice of law, in which case the non-attorney would not be a `duly authorized' representative.
Subsection (b) guarantees to each party the right to be advised and represented, at the party's expense. This subsection incorporates other laws of the state, regarding the extent if any to which nonlawyers may perform the functions of advice and representation. Thus this Act is not a source of authority for nonlawyers to advise or represent parties to agency proceedings, neither does this Act prohibit such functions by nonlawyers if other law confers permission."
Kansas law does not authorize non-attorney representatives to practice law on behalf of their employing entity. In State ex rel. Stephan v.Williams, 246 Kan. 681 (1990), the Kansas Supreme Court held that while an individual "may appear in court on his own behalf when he is a named party to pending litigation, he has no right, franchise, or authority to appear for or on behalf of any other person or entity . . . or to assist any such person or entity in any matter requiring legal knowledge and training." 246 Kan. at 691. Thus, a non-attorney may not practice law before the board of tax appeals on behalf of a county, notwithstanding K.S.A. 77-515.
With regard to the representation of taxpayers before the board of tax appeals, clearly taxpayers may represent themselves. See Williams,supra. Pursuant to K.S.A. 77-515(a) if the taxpayer is an artificial person it may participate, in hearings conducted in accordance with the KAPA, through a duly authorized representative except as precluded by the board. However, a duly authorized representative, other than a licensed attorney, may not engage in the practice of law. An individual taxpayer may participate through an attorney or, "if permitted by law," any other representative. We are aware of no statutes which allow an individual taxpayer to be represented in a hearing before the board of tax appeals by anyone other than the taxpayer personally or an attorney authorized to practice in this state.
We now look to what constitutes the practice of law. Again, Stateex rel. Stephan v. Williams, supra, is instructive:
 "In determining what constitutes the `practice of law' no precise, all-encompassing definition is advisable, even if it were possible. Every matter asserting the unauthorized practice of law must be considered on its own facts on a case-by-case basis. In State v. Schumacher, 214 Kan. 1, 519 P.2d 1116 (1974), we stated:
 "`Although it may sometimes be articulated more simply, one definition [of "practice of law"] has gained widespread acceptance, and has been adopted by this Court:
 "`A general definition of the term frequently quoted with approval is given in Eley v. Miller, 7 Ind. App. 529, 34 N.E. 836, as follows:
 "As the term is generally understood, the practice of law is the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court." State, ex rel., v. Perkins, 138 Kan. 899, 907, 908, 28 P.2d 765 (1934).
 "`The court, in Perkins, also pointed out that "[o]ne who confers with clients, advises them as to their legal rights, and then takes the business to an attorney and arranges with him to look after it in court is engaged in the practice of law." 138 Kan. at 908. The quotation from the Eley case has been adopted as the general rule in 7 C.J.S., Attorney and Client, sec. 3g (1937).
 "`A more recent source defines the practice of law as "the rendition of services requiring the knowledge and application of legal principles and technique to serve the interests of another with his consent." R.J Edwards, Inc. v. Hert, 504 P.2d 407, 416 (Okla. 1972).
 "`It is clearly the prerogative of the Supreme Court to define the practices of law:
 "`It is unnecessary here to explore the limits of judicial power conferred by [Article 3, Sec. 1, of the Kansas Constitution]. but suffice it to say that the practice of law is so intimately connected and bound up with the exercise of judicial power in the administration of justice that the right to regulate the practice naturally and logically belongs to the judicial department of the government. (In re Integration of Nebraska State Bar Ass'n, 133 Neb. 283, 275 N.W. 265
114 A.L.R. 151.) Included in that power is the supreme court's inherent right to prescribe conditions for admission to the Bar, to define, supervise, regulate and control the practice of law, whether in or out of court, and this is so notwithstanding acts of the legislature in the exercise of its police power to protect the public interest and welfare. (Martin v. Davis, 187 Kan. 473, 478-79, 357 P.2d 782 (1960).'" 246 Kan. at 689.
You mention direct and cross examination of witnesses, summarizing, presenting and objecting to evidence, making legal arguments and filing pleadings as some of the things that a representative of a taxpayer may be called upon to do in a hearing before the board. These are functions that we believe the courts would consider as the practice of law and therefore can only be performed in this state by an individual or entity representing itself, or by an attorney authorized to practice law in this state. See State ex rel. Stephan v. Williams, 246 Kan. 681, 689 (1990);State ex rel. Fatzer v. Schmitt, 174 Kan. 581, 588 (1953); 7 Am.Jur.2dAttorneys at Law, secs. 101, 107 (1980).
In conclusion, pursuant to K.S.A. 77-515, in board of tax appeals proceedings conducted in accordance with the Kansas administrative procedures act artificial parties such as counties and corporations may participate through a duly authorized representative such as the county appraiser or a corporate officer unless and until the board requires artificial parties to participate by counsel. While a duly authorized representative may participate in the proceedings, a non-attorney representative may not engage in the unauthorized practice of law and therefore may not examine witnesses, file pleadings, make legal arguments, or perform other functions deemed to be the practice of law. Individual taxpayers may represent themselves or be represented by an attorney authorized to practice law in this state, but may not be represented by anyone else as such would constitute the unauthorized practice of law.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General